**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0471-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALONZO L. BRYANT,

    Defendant-Appellant.

_____

Submitted March 20, 2025 – Decided March 27, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 93-09-0492.

Alonzo L. Bryant, appellant pro se.

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Alonzo L. Bryant appeals from a July 21, 2023 order denying

his motion to dismiss two counts in the original 1993 indictment against him, arguing the court lacked jurisdiction to impose judgment because the police did not issue complaint-warrants for those charges prior to the indictment. Discerning no error in the court's denial of his motion, we affirm.

We previously ruled on defendant's appeal of his first and second petitions for post-conviction relief (PCR). State v. Bryant, No. A-0294-05 (App. Div. Aug. 13, 2007), certif. denied, State v. Bryant, 193 N.J. 586 (2008); State v. Bryant, No. A-5501-16 (App. Div. March 11, 2019). Defendant also filed a petition for writ of habeas corpus in federal court, which was denied on January 7, 2011. Bryant v. Ricci, No. 08-3575, 2011 U.S. Dist. LEXIS 1638 (D.N.J. Jan. 7, 2011). We need not repeat the facts at length because the parties are familiar with them, and a full recitation is not required to adjudicate the central issue of this appeal.

On May 24, 2023, defendant filed the instant motion, arguing "the court lacked jurisdiction to impose[] the judgment upon [his] conviction." His entire argument in support of his motion is predicated on the fact there was no complaint-warrant in support of two counts in the original 1993 indictment. The court denied defendant's motion in a written opinion and order on July 21, 2023. The court first reasoned defendant's September 1, 1994 motion to dismiss the

murder count of the indictment did not include the counts defendant now seeks to dismiss, and therefore, defendant waived his ability to challenge any other count in the indictment because "the arguments raised here should have been made before the 1997 trial." The court also concluded defendant failed to raise this issue in his direct appeal filed almost twenty-five years ago, in his previous two PCR petitions, or in his subsequent motion to correct an illegal sentence.

Furthermore, the court determined if the present motion is construed as a PCR motion, it should be considered a third PCR petition, which is time barred. The court stated defendant has failed to explain why he waited so long to raise this particular issue for the first time, and there are no facts asserting excusable neglect to show why the court should relax the five-year filing limitation under Rule 3:22-12. Even if defendant's motion is not a PCR petition, it must still be rejected because there is no legal requirement for a complaint-warrant to support every count of an indictment as "the indictment itself supersedes any claims previously issued."

Defendant raises the following point on appeal:

> POINT I
>
> THE COURT ERRED BY DENYING THE DEFENDANT'S MOTION THAT THE TRIAL COURT LACKED JURISDICTION TO IMPOSE

JUDGMENT UPON COUNTS TWELVE AND THIRTEEN.

We review the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). The determination whether a court has personal jurisdiction, YA Glob. Invs., LP v. Cliff, 419 N.J. Super. 1, 8 (App. Div. 2011), or subject matter jurisdiction, AmeriCare Emergency Med. Serv., Inc. v. City of Orange Twp., 463 N.J. Super. 562, 570 (App. Div. 2020), is also a legal question reviewed de novo.

Further, Rule 3:22-12(a)(2) limits the filing of a subsequent petition for PCR to one year after the latest of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence" or "the date of denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged." R. 3:22-12(a)(2)(B)-(C).

Defendant avers his appeal should be handled either as a subsequent PCR petition under Rule 3:22-4 or as a motion to dismiss for lack of jurisdiction. In arguing he is not "time barred from [raising these arguments] even after thirty years," defendant cites Rule 3:10-2(e), which states "[t]he court shall notice the defense of lack of jurisdiction in the court at any time during the pendency of

the proceeding except during trial." Defendant maintains it is "clear that the defense is not waivable and may be raised at any other time, including after conviction." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 3:10-2 (2024).

The court addressed the merits of defendant's contentions that his convictions on the two counts of first-degree robbery are unconstitutional. We reject all of defendant's arguments and affirm substantially for the reasons set forth in the court's thorough and well-reasoned opinion. We provide the following additional comments to amplify our decision.

Defendant offers no support for his primary contention a complaint-warrant was necessary prior to the grand jury indictment charging him with two counts of first-degree robbery. As the court found, "[t]here is no need for a complaint-warrant to support every count of an indictment. The indictment itself supersedes any complaints previously issued. The final charges a defendant must face are defined in the indictment itself."

A prosecutor has "great discretion" in seeking an indictment. State v. Gomez, 341 N.J. Super. 560, 571 (App. Div. 2001); see also State v. Medina, 349 N.J. Super. 108, 128 (App. Div. 2002) (stating the prosecution has discretion to charge, file, and present matters to a grand jury). Indeed, a grand jury "must

be free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it." State v. Bell, 241 N.J. 552, 560 (2020) (quoting State v. Francis, 191 N.J. 571, 586 (2007)). Further,

> [t]he broad investigative authority of the grand jury allows it "to determine whether a crime has been committed and whether criminal investigations should be instituted against any person." Among the grand jury's "extraordinary powers," is the power to "investigate upon its own suggestion." An anonymous charge, even a rumor, may be investigated by the grand jury to quell public concern that the criminal laws of the state have been violated. The grand jury also can direct the prosecutor to subpoena witnesses and evidence.
>
> [In re Grand Jury Appearance Request by Loigman, 183 N.J. 133, 141-42 (2005) (internal citations omitted).]

Even if we consider defendant's motion to be a PCR petition and apply Rule 3:22-12, the PCR court correctly concluded defendant has not asserted any facts to show why the court should relax the filing deadline. R. 3:22-12(a)(2)(B)-(C). Defendant's first PCR was denied on June 23, 2005, his second was denied on January 10, 2010, and the instant motion was not filed until May 24, 2023. Thus, we are persuaded his claims are time barred.

We need not address any of defendant's remaining arguments because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-0471-23

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0471-23